**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO:  05-2326
_____

JUDY BURKHART,

Appellant

v.

*JOHN E. POTTER,
POSTMASTER GENERAL OF THE UNITED STATES

(*Amended Pursuant to F.R.A.P. 43(c))

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 00-cv-00983)
Magistrate Judge: Honorable Robert C. Mitchell
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2006

Before: ROTH, RENDELL AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed February 15, 2006)
_____

OPINION
_____

PER CURIAM

    Judy Burkhart appeals <u>pro se</u> a judgment entered by the United States District

Court for the Western District of Pennsylvania following a jury verdict in favor of her

former employer, the United States Postal Service ("Postal Service").[1]  We will affirm.

Because the facts are well known to the parties, we will not discuss them in detail;

rather, we will briefly describe the most significant events leading to this action.

Burkhart began working for the Postal Service in 1989.  In 1998, she filed an Equal

Employment Opportunity ("EEO") complaint alleging that she was discriminated against

on the basis of age and sex when she was not selected to interview for a promotion at the

Allegheny Area Office in Pittsburgh, Pennsylvania.  During the pendency of this EEO

action – which was ultimately found to be meritless – Burkhart was demoted and

reassigned to the Pittsburgh General Mail Facility ("GMF") on a charge that she misused

her government credit card.  Burkhart appealed to the Merit Systems Protection Board

("MSPB"),[2] and the case settled upon agreement that Burkhart take a position at the GMF

at her original salary and job level.

Burkhart remained at the GMF until August 2003, when she was placed on family

and medical leave after submitting a letter from a doctor stating that Burkhart could not

return to work until after Labor Day.  Burkhart, however, refused to return to work

---

[1]  At all times in the District Court, Burkhart was represented by counsel.

[2]  Burkhart also filed separate EEO complaints challenging the demotion and an "unacceptable" performance rating for the misuse of the credit card.  The EEO complaints, Burkhart's second and third, were dismissed.  Furthermore, Burkhart filed a fourth EEO compliant alleging that the Postal Service retaliated against her and perpetuated a hostile work environment at the Allegheny Area Office.  That complaint was also dismissed.

following the holiday, alleging that there was a hostile work environment at the GMF.

The Postal Service sent Burkhart for a fitness-for-duty examination and ordered an

independent investigation of her hostile work environment claim.  The findings – that

Burkhart was fit for duty and that there was no hostile work environment – were

communicated to Burkhart.  She was ordered to return to work.  When Burkhart again

refused, the Postal Service, after providing notice and an opportunity to respond,

terminated her employment in May 2004.

Burkhart filed two complaints in the District Court, which were ultimately

consolidated, alleging age and sex discrimination, retaliation, and hostile work

environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§ 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621

*et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).  Following the partial

grant of the Postal Service's motion for summary judgment, the case proceeded to trial in

Pittsburgh, Pennsylvania.  On March 21, 2005, a verdict was returned in favor of the

Postal Service on all counts.[3]  Burkhart timely appealed.  She challenges various pre-trial

and evidentiary rulings.[4]

---

[3] The case was tried before a jury with the exception of Burkhart's age discrimination claim, which was tried before a Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(c); Fed. R. Civ. P. 73 (providing that a magistrate judge may conduct a jury or nonjury trial upon consent of the parties).

[4] To the extent that Burkhart appeals the partial grant of summary judgment, we find no error.  <u>See</u> <u>Doe v. County of Centre</u>, 242 F.3d 437, 446 (3d Cir. 2001) (noting that our

(continued...)

3

Burkhart raises several objections to the Magistrate Judge's management of
discovery, which we review for abuse of discretion.  See Gallas v. Supreme Court of
Pennsylvania, 211 F.3d 760, 778 (3d Cir. 2000).  "We will not upset a district court's
conduct of discovery procedures absent a demonstration that the court's action made it
impossible to obtain crucial evidence, and implicit in such a showing is proof that more
diligent discovery was impossible."  Id. (quotation and citation omitted).  Here, Burkhart
alleges that the Magistrate Judge abused his discretion by failing to order the Postal

---

[4](...continued)
review of an order granting a motion for summary judgment is plenary).  For essentially
the reasons provided by the Magistrate Judge, Burkhart could not pursue claims from her
second and third EEO complaints concerning her demotion and her "unacceptable"
performance rating for the misuse of the credit card.  See Report and Recommendation, 6-
12.  A federal employee, such as Burkhart, who suffers an adverse personnel action and
also alleges discrimination in violation of Title VII, presents a "mixed case."  See
Valentine-Johnson v. Roche, 386 F.3d 800, 805 (6th Cir. 2004).  Pursuant to 29 C.F.R.
§ 1614.302(b), the employee is afforded two options: she can file either a mixed case
complaint with her agency's EEO office or a mixed case appeal directly to the MSPB,
"but not both."  Section 1614.302(b) further states that "whichever is filed first [a formal
administrative mixed case complaint with the EEO or a mixed case appeal with the
MSPB] shall be considered an election to proceed in that forum."  Consequently, the EEO
office must dismiss a complaint where the discrimination claims have been raised in an
appeal to the MSPB and "the complainant has elected to pursue the non-EEO process."
29 C.F.R. § 1614.107(a)(4).  Here, Burkhart's claims concerning her demotion and her
"unacceptable" performance rating were rejected in EEO proceedings because they had
been raised in an earlier-filed MSPB action, which resulted in a settlement agreement.  In
addition, Burkhart could not pursue the allegations of retaliation raised in her fourth EEO
complaint because they either failed to amount to "adverse employment actions" or were
untimely under 29 C.F.R. § 1614.105(a)(1) (providing that a federal employee who
intends to file an administrative charge of discrimination must contact an EEO counselor
"within 45 days of the date of the matter alleged to be discriminatory").  See Report and
Recommendation, 12-15.

Service to adequately respond to discovery requests, by extending the Postal Service's

discovery deadline, and by permitting the Postal Service to take depositions after the close

of discovery.  Nowhere, however, does Burkhart identify discovery requests that went

unanswered or evidence that was not produced.  In addition, she fails to explain how the

extension of the discovery deadline prejudiced her case, other than to baldly state that

"receiving said documents so close to trial presented a burden to the Plaintiff in

preparation for trial."  Finally, Burkhart's conclusory assertion that the taking of

depositions after the close of discovery "unduly prejudice[d] plaintiff" is an insufficient

basis upon which to interfere with the Magistrate Judge's ruling.  See In re Fine Paper

Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (holding that management of its docket

is committed to the sound discretion of the District Court).

Burkhart challenges numerous evidentiary rulings, which we also review for abuse

of discretion.  See Hurley v. Atlantic City Police Dept., 174 F.3d 95, 110 (3d Cir. 1999).

Erroneous evidentiary rulings will be considered harmless if  "'it is highly probable that

the error did not contribute to the judgment.'"  United States v. Davis, 183 F.3d 231, 255

(3d Cir. 1999) (quoting Murray v. United of Omaha Life Ins. Co., 145 F.3d 143, 156 (3d

Cir. 1998)).

Burkhart alleges that the Magistrate Judge improperly excluded as irrelevant a

letter Burkhart wrote in 1999 to Patrick R. Donahoe, the Allegheny Area Office Vice

President, detailing her allegations of discrimination.  Burkhart's trial counsel stated that

5

the letter was offered to demonstrate "Burkhart's attempt to get a manager of the [P]ostal [S]ervice to pay attention to all of the events that form her belief" that she was discriminated against while working at the Allegheny Area Office.  Importantly, however, the only allegation of discrimination arising from Burkhart's work at the Allegheny Area Office was her claim that she was not selected to interview for a promotion.  Whether Burkhart attempted to inform a manager of alleged discrimination at the Allegheny Area Office is irrelevant to that claim.  Burkhart now alleges, for the first time, that she sought to introduce the letter to demonstrate that Donahoe was aware of her allegations, a fact which would support her contention that Donahoe orchestrated the retaliatory acts that allegedly occurred while Burkhart worked at the GMF.  Because, however, Burkhart testified that she had sent the letter and briefly described its contents, there was no reason to admit the letter itself.[5]

The Magistrate Judge also properly excluded the deposition testimony of Florence Spady, the chairperson of the review committee that examined applications for the position to which Burkhart applied.  Spady apparently testified in her deposition that she believed that Burkhart was one of the four best applicants for the job.  We agree that the deposition testimony was hearsay, and that Burkhart failed to demonstrate that Spady was "unavailable as a witness."  See Fed. R. Evid. 804(b)(1); see also Kirk v. Raymark Indus.,

---

[5] Although Burkhart alleges that the Postal Service's "display of portions of [the letter] . . . created an unfair disadvantage to the Plaintiff for obvious reasons," she does not identify those reasons, nor can we discern any.

Inc., 61 F.3d 147, 165 (3d Cir. 1995) (noting that "it is the proponent of the statement offered under Rule 804 who bears the burden of proving the unavailability of the declarant").  A declarant is "unavailable" when she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means."  Fed. R. Evid. 804(a)(5).  Here, Burkhart's attorney admitted at trial that he did not even request that Spady be produced for trial.

In addition, there is no merit to Burkhart's allegation that the Magistrate Judge prevented her from rebutting the testimony of Dr. Stuart Burnstein, the Postal Service's expert witness.  Burkhart's attorney cross-examined Dr. Burnstein at length without restriction, and nothing in the record suggests that Burkhart was prevented from calling rebuttal witnesses.  Burkhart also claims that the Magistrate Judge prevented her first witness, Janice Cherry Nelms, from testifying about "discrimination occurring at the Allegheny office during the same time frame of Plaintiff's allegations."  The Magistrate Judge, however, did permit Nelms to so testify, but Burkhart's attorney did not recall Nelms, claiming that she had returned to her job in Washington, D.C., following her testimony the previous day.

Burkhart also complains that the case was tried before a Magistrate Judge, rather than a District Court judge.  Notably, though, the parties consented to have the case tried before a Magistrate Judge.  See District Court Docket Entry No. 72.  Burkhart further alleges that the Magistrate Judge "refus[ed]" to allow her to amend her complaint.  The

7

District Court's docket indicates, however, that Burkhart's only motion to amend her complaint was granted. Furthermore, Burkhart contends that it "was impossible for her to receive a fair trial" because the Magistrate Judge "limit[ed] the timing of the trial to just 10 hours" per side and did not provide her with sufficient time for rebuttal testimony. In a pre-trial order, the Magistrate Judge set the "[e]stimated [t]rial [t]ime" and allowed the parties to object. Neither party did so. Burkhart now states that she had "in excess of 50 witnesses and over 5000 documents of evidence." Burkhart does not allege, however, that the Magistrate Judge excluded witnesses or evidence because of time considerations, and there is no indication that Burkhart's rebuttal testimony was curtailed because of insufficient time. Finally, Burkhart's unsupported contention that the Postal Service's counsel knowingly made false statements to the court is without merit.

       For the foregoing reasons, we will affirm.